### GUARANTY STATE BANK et al. v. JAGGERS. (No. 7855.)

Court of Civil Appeals of Texas. San Antonio. Dec. 23, 1927.

Rehearing Denied Feb. 1, 1928.

Banks and banking ☞15—Unsecured noninterest deposit of proceeds from interest-bearing certificate cashed within 90 days of bank's failure held not protected by guaranty fund (Rev. St. 1925, art. 447).

Under Rev. St. 1925, art. 447, providing that no certificate of deposit, whether bearing interest or not, that shall be changed to noninterestbearing and unsecured deposit within 90 days prior to the closing of a bank, shall be protected under the guaranty fund, unsecured noninterestbearing deposit, consisting of proceeds from interest-bearing certificate of deposit, cashed when due and payable within 90 days of bank's failure, held not protected by the guaranty fund.

Appeal from District Court, Rains County; J. M. Melson, Judge.

Suit by A. T. Jaggers against the Guaranty State Bank and others. Judgment for plaintiff, and defendants appeal. Reversed and rendered.

T. N. Jones, of Tyler, for appellants.

H. D. Garrett and W. W. Berzett, both of Emory, and Wynne & Wynne, of Kaufman, for appellee.

COBBS, J. Appellee sued appellant banking commissioner of Texas to recover on a deposit of $1,515.60, placed in the Guaranty State Bank of Emory, which bank was operating under the guaranty fund system of Texas. The bank failed, and its assets were delivered to the banking commissioner of Texas on the 19th day of January, 1926, for administration.

Appellee presented his claim to the banking commissioner on the 16th of May, 1926. The commissioner classified $15.60, as a liability of the depositors' guaranty fund, and $1,500

───────

of the claim was classified as one of a general unsecured creditor, to be paid pro rata out of money realized from the liquidation of the assets of the bank.

In the original petition appellee alleged:

"That he was a patron of said bank and that on the 19th day of January, 1926, he had deposited to his credit as guardian, said guardianship being for the estate of Henry Allen Jaggers, a minor, the sum of $1,500, as a general noninterest-bearing unsecured deposit, subject to his check, and prayed that said claim be established as a claim against and payable out of the depositors' guaranty fund."

On November 29, 1926, the appellants filed their plea in abatement, which was duly sworn to, answering therein that no such claim as that described in plaintiff's petition had been presented to the banking commissioner of Texas for allowance, and no such claim had been allowed or rejected. In the plea in abatement, the appellant alleged that the time had long since passed for the presentation to the commissioner of claims against said bank and that the appellee was barred by the statutes of Texas and that appellee could not present and collect the claim described in his original petition.

After the pleas in abatement were filed, the appellee filed his amended original petition in which he abandoned the allegations that he had deposited to his credit in said bank as guardian for the estate of Henry Allen Jaggers, a minor, $1,500. The amended petition was filed on December 29, 1926, in which, for the first time, he alleged:

"That he was a patron of said bank and that on the 19th day of January, 1926, he had deposited to his credit the sum of $1,500, which said deposit was a general deposit, unsecured, and noninterest-bearing and subject to his check."

Appellee in his amended petition alleged that on or about the 16th day of May, 1926, the banking commissioner rejected his claim for $1,500 as a claim against the depositors' guaranty fund. The appellee alleged in said petition that said claim for $1,500 was a valid, subsisting, and unsatisfied claim against said depositors' guaranty fund, and prayed. that same be established as a claim against that fund to be paid out of same.

The bank had issued to appellee on or about January 1, 1925, a certificate of deposit, payable on demand, with 6 per cent. interest, which certificate ran until January, 1926. The certificate was cashed by the bank on January 2, 1926, and the proceeds of the certificate were placed to the credit of the appellee on January 2, 1926, in an open checking account, without any agreement to pay interest on the account after the cashing of the certificate of deposit.

The case was submitted to the court without a jury, and on December 30, 1926, the court rendered a judgment, holding that the account sued on was a deposit in the Guaranty State Bank of Emory, and that the same was a noninterest-bearing and unsecured deposit, and same had not been changed from an interest-bearing deposit within 90 days prior to the closing of said bank, but same was a new deposit made and created on the 2d day of January, 1926, by the collection of a demand against said bank, which was due and payable, and that the bank was not at that time insolvent, but was fully able to pay said deposit and would have paid same in cash had same been demanded, and that the same was a valid claim against and payable out of the depositors' guaranty fund, and that the same should be so classified and paid by the appellant, and, in keeping with the finding, the court rendered a judgment of $1,500 in favor of the appellee.

Among other things, the court recited:

. "It is therefore ordered, adjudged, and decreed by the court that the plaintiff, A. T. Jaggers, do have and recover of and from the defendants, the Guaranty State Bank, of Emory, Tex., a corporation in liquidation, and Chas. O. Austin, banking commissioner of Texas, and the state banking board of the state of Texas, composed of Chas. O. Austin, banking commissioner, Dan Moody, Attorney General, and W. Gregory Hatcher, state treasurer of the state of Texas, the sum of $1,500, together with all costs in this behalf expended."

It is contended by appellant that the certificate of deposit of January 1, 1925, on which interest was paid until January 1, 1926, and on January 2, 1926, cashed in and certificate surrendered, did not in fact change the nature of the claim to one to be paid out of the depositors' guaranty fund, because it is prohibited by article 447 (Rev. St. 1925), which provides:

"No deposit upon which interest is being paid or contracted to be paid, either directly or indirectly by a banking institution, its officers or stockholders, and no secured deposit and no certificate of deposit, whether bearing interest or not, or any other kind of interest-bearing deposit, that shall have been changed to a noninterest-bearing and unsecured deposit within ninety days prior to the closing of a bank, and no deposit of public funds of any character, whether interest bearing or not, deposited in a state banking institution, and no deposit made by a creditor for the purpose of converting a loan held against the debtor bank into a noninterest-bearing and unsecured deposit, shall be protected or insured under the guaranty fund."

See Farmers' & Stockmen's State Bank v. Sweaney (Tex. Civ. App.) 285 S. W. 930; Austin Banking Commissioner v. Welch (Tex. Civ. App.) 292 S. W. 257.

Appellee contends in this case that the nature of the transaction was entirely changed; still it occurred within 90 days after the bank failed. The appellee cashed the certificate of deposit, as he had the right to do, and made a new deposit and deposited the proceeds to his account in the bank to his check-

ing account. This change or new deposit created an unsecured noninterest-bearing deposit. The cashing of the certificate closed the right to collect interest. The deposit became a new deposit, unsecured, and a non-interest-bearing claim against the depositors' guaranty fund of Texas. In other words, this is a new deposit contract created by cashing his interest-bearing deposit and changing it to an ordinary deposit account, just as any other deposit made in the bank; but, having been done within 90 days before the bank's failure, it is controlled by article 447, R. S., whose language is so plain as to hardly admit of any construction that would bring this claim to the status of one to participate in the depositors' general fund. For the reasons given we sustain appellants' assignments and here reverse the judgment of the trial court and render judgment in favor of appellants.

Reversed and rendered.